BEFORE THE SECOND DIVISION, DECEMBER 7, 1961

**No. 66261.**—James G. Wiley, a/c William G. Morschauser *v.* United States, protests 59/22333(A) and 59/34425 (Los Angeles).

RAO, Judge: In a decision rendered July 12, 1961 (47 Cust. Ct. 252, Abstract 65893), this court held that certain ball head or nob head steel screws were screws, commonly called wood screws, within the purview of paragraph 338 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, which imposes a duty at the rate of 12½ per centum ad valorem.

The case, as originally presented for decision, embraced the two protests enumerated above, which were consolidated for the purpose of trial, and it was established that the merchandise in both cases was the same. However, the pleadings in the two cases differed in that whereas protest 59/22333(A) was addressed to paragraph 338, as modified, *supra*, and claimed that the proper rate of duty was 12½ per centum ad valorem, as therein provided, neither said paragraph nor said rate was specified in protest 59/34425. The claim alleged in the latter protest was for classification of the subject screws within the provisions of paragraph 330 of said act, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, for bolts, with or without threads or nuts, with the consequent assessment of duty at the rate of one-half of 1 cent per pound.

Since neither the record nor the briefs further alluded to said paragraph 330, and no motion to amend protest 59/34425 was made, the same was dismissed for failure of proof.

With respect to the allegations in protest 59/22333(A), we held that the screws to which it related were wood screws, within the purview of paragraph 338, as modified, *supra*, for the reason that they were "threaded cylindrical metal objects with slotted heads for turning with a screwdriver and, when inserted into wood, the sharpness of their threads cuts corresponding grooves in the wood." We further held that the fact that the screws are solely used as parts of complete fasteners for cabinet doors did not militate against this conclusion. Accordingly, judgment was entered dismissing protest 59/34425 and sustaining the claim in protest 59/22333(A).

Counsel for plaintiff thereupon moved to set aside the decision and judgment and for a rehearing, for the purpose of permitting an amendment to protest 59/34425. Said motion was granted and an order to that effect was duly entered on August 23, 1961.

Thereafter, an amendment to said protest claiming the applicability of paragraph 338, as modified, *supra*, to the merchandise covered thereby, was allowed, and, by stipulation of the parties, the case was resubmitted upon the record, as previously made.

In view of our decision on the merits that the subject screws are screws, commonly called wood screws, within the purview of paragraph 338, as modified, *supra*, which are dutiable at the rate of 12½ per centum ad valorem, we now sustain the claim of both of the instant protests to that effect. All other claims are, however, overruled.

Judgment will be entered accordingly.